# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

JONATHAN HACK                                                               PETITIONER

v.                                                                            CIVIL ACTION NO. 5:11CV-P61-R

COMMONWEALTH OF KENTUCKY *et al*.                          RESPONDENTS

## **MEMORANDUM OPINION**

Petitioner Jonathan Hack, *pro se*, initiated this action by filing a petition for writ of mandamus, in which he requests the Court to order Respondents Commonwealth of Kentucky, Elliott Circuit Court, and the Kentucky Supreme Court to act upon an appeal he filed in the Kentucky Supreme Court. Hack states that he filed a Petition for Declaratory Judgment which was denied by the Elliott Circuit Court. He appealed the ruling to the Kentucky Supreme Court, but the Kentucky Supreme Court had not ruled on his appeal.[1]

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Under Fed. R. Civ. P. 81(b), the writ of mandamus has been abolished. "Relief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b). "[U]nder 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions,

---

[1] The Court notes that it received notice from the Clerk of the Kentucky Supreme Court that the Kentucky Supreme Court entered an order denying discretionary review in Hack's appeal on April 13, 2011.

including writs in the nature of mandamus." *See Haggard v. State of Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). However, "[i]t is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought." *Id.* at 1386. Such is the case here. Plaintiff seeks only mandamus relief. "In the absence of special statutory authority[, a federal court] can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it." *Id.* While 28 U.S.C. § 1361 gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an **officer or employee of the United States or any agency thereof** to perform a duty owed to the plaintiff" (emphasis added), Plaintiff asks this Court to compel the Commonwealth of Kentucky, the Elliott Circuit Court, and the Kentucky Supreme Court to perform an act. These are Kentucky **state** entities and not officers, employees, or agencies of the United States.

As Petitioner failed to demonstrate this Court's subject-matter jurisdiction, the instant action will be dismissed by separate Order.

Date:

cc: Petitioner, *pro se*
 Attorney General, Commonwealth of Kentucky
4413.010

2